959 F.2d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lourena CABLE, (Widow of Charles Cable, Jr.), Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 91-4177.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Lourena Cable petitions for review of the Benefits Review Board's (BRB) decision denying her benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ms. Cable originally filed for benefits on February 3, 1986, on the basis of her deceased husband's coal mine employment. Before his death, the miner, Charles Cable, Jr., had also filed a claim for black lung benefits. The Department of Labor (DOL) denied benefits to both the miner and his survivor, which decisions were appealed by Lourena Cable to an administrative law judge (ALJ) for a hearing. The hearing took place on March 7, 1988, after which the ALJ considered both of the claims and denied benefits in both cases, by decision and order issued January 19, 1989. The BRB affirmed the denial of benefits on appeal.
 
 
 4
 On appeal to this court, the survivor argues that the ALJ and BRB did not fully consider the autopsy and physicians' reports of record, which she alleges supports the conclusion that her husband's death was due to black lung disease. Ms. Cable also requests the appointment of counsel, on appeal.
 
 
 5
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 The ALJ and BRB applied the correct standard in reviewing this survivor's claim, by determining whether pneumoconiosis was "a substantially contributing cause or factor leading to the miner's death," as required for entitlement to benefits. 20 C.F.R. § 718.205(c)(2); Adams v. Director, OWCP, 886 F.2d 818, 824 n. 7 (6th Cir.1989); Littlepage v. Director, OWCP, No. 89-3305, slip op. at 7 (6th Cir. Nov. 30, 1989) (per curiam) (unpublished). Contrary to the petitioner's argument, the ALJ did fully consider every medical report that relates to the cause of her husband's death. It was within the ALJ's discretion to rely principally on the death verification, the autopsy report and the death summary from Central Baptist Hospital in Lexington, Kentucky, to conclude that the petitioner had not established her husband's death was due to pneumoconiosis, under the applicable statutes and regulations. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam).
 
 
 7
 The medical evidence supports the factual finding by the ALJ and BRB that the miner died because of a massive pulmonary embolus and complications relating to his heart condition, rather than because of his pulmonary condition. Given the limited scope of review by this court, the ALJ's judgment should not be overturned, as the ALJ has carefully considered each relevant part of the evidence relating to the miner's cause of death, in determining the widow's eligibility for benefits. Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989). The widow challenges only the findings in regard to the cause of death, without contesting the ineligibility of the living miner's claim for benefits. Therefore, the issues surrounding the miner's claim are considered abandoned, on appeal. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Accordingly, the BRB's order denying benefits and affirming the ALJ's decision is hereby affirmed, and the claimant's request for counsel is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation