959 F.2d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marlin David RICE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Karst-Robbins Machine
Shop, Inc., Respondents.
 No. 91-4046.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1992.
 
 1
 Before BOYCE F. MARTIN Jr. and RYAN, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 Marlin David Rice petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rice filed an application for black lung benefits on October 6, 1983. After his claim was administratively denied, he appealed the denial to an administrative law judge (ALJ), who determined that the medical evidence did not support a finding of pneumoconiosis, as required under the applicable regulations. See 20 C.F.R. § 718.202. On appeal, the BRB determined that the ALJ's decision was supported by substantial evidence and affirmed the ALJ's decision by order issued July 30, 1991.
 
 
 4
 On appeal to this court, Rice argues: 1) two medical reports, by Drs. DeBerry and Merchant, were not given "proper consideration" by the ALJ; 2) the ALJ and BRB incorrectly applied Part 718 of the regulations, rather than Part 727, to his claim; 3) the Department of Labor was "negligent in refusing to name the responsible operator in my case which resulted in my having to face a battery of lawyers against my case ..."; and 4) the ALJ erred in excluding certain x-ray evidence that Rice had submitted in support of his claim.
 
 
 5
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Co., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 A thorough review of the record reveals that the ALJ accurately and completely described all evidence relevant to the determination of whether the claimant suffered from pneumoconiosis. It is the ALJ who must make credibility determinations and resolve inconsistencies in the evidence, as in this case, where only two out of the six reporting doctors diagnosed a pulmonary condition related to Rice's past coal mine employment. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam); Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983). As correctly noted by the ALJ, all x-ray readings which may have supported a finding of pneumoconiosis were either completely negative or classified as Category ) for purposes of diagnosing the disease. 20 C.F.R. § 718.202(a)(1).
 
 
 7
 Contrary to the claimant's argument, the ALJ properly applied Part 718 of the regulations rather than those in effect in 1979, since Rice's claim was filed after March 31, 1980. 20 C.F.R. § 718.2. There is no merit to the claimant's argument that the Department of Labor was "negligent" in failing to properly name a responsible operator in this case, as the record shows the Office of Administrative Law Judges remanded the case for the very purpose of determining the proper responsible operator, before a full hearing on the merits took place. See Crabtree v. Bethlehem Steel Corp., 7 BLR 1-354 (1984). Lastly, any error committed by the ALJ in excluding certain x-ray evidence was harmless, because the x-ray was not included in the record and the reader's qualifications were not identified. Thus, this evidence contained little or no evidentiary value. Director, OWCP v. Congleton, 743 F.2d 428, 431 n. 3 (6th Cir.1984).
 
 
 8
 Accordingly, this court concludes that the ALJ's decision was supported by substantial evidence and that the BRB did not commit any legal error or exceed its scope of review in affirming the ALJ's determinations. The BRB's decision and order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation