852 F.2d 197
 Estill RILEY, Petitioner,
v.
NATIONAL MINES CORPORATION; Old Republic Insurance Company;
Director, Office of Workers' Compensation
Programs; United States Department of
Labor, Respondents.
 No. 87-3605.
 United States Court of Appeals,
Sixth Circuit.
 Submitted June 17, 1988.
Decided July 27, 1988.
 
 Alva A. Hollon, Jr., Hollon, Hollon & Hollon, Hazard, Ky., for petitioner.
 Mark E. Solomons, Arter and Hadden, Office of the Sol., U.S. Dept. of Labor, Diane Hodes, Barbara Johnson, Thomas Holzman, Benefits Review Bd. U.S. Dept. of Labor, Washington, D.C., for respondents.
 Before MILBURN, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Estill Riley, appeals from the denial of black lung benefits by the Benefits Review Board (Board), United States Department of Labor. 33 U.S.C. Sec. 921(c) as incorporated by 30 U.S.C. Sec. 932(a). On appeal, Riley claims that the administrative law judge (ALJ) whose decision was upheld by the Board, erred in his application of the interim presumptions found in 20 C.F.R. Sec. 727.203. Riley also claims that the ALJ erred in denying benefits in contravention of the presumption found in 20 C.F.R. Sec. 410.490.
 
 
 2
 Upon a review of the record, we conclude that there is no merit to petitioner's contention and that the Board should be affirmed.
 
 I.
 
 3
 On February 12, 1976, Riley filed for benefits under Part C of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901, et seq. (Act). He had retired from his last coal mining job three weeks earlier at 48 years of age because of a "lung condition and heart trouble." Upon being informed of the claim, the respondent employer, National Mines, contested liability and requested a hearing. The hearing took place on June 14, 1983, at which time the ALJ determined that Riley had established thirteen years of coal mine employment and was thus eligible for the presumption of total disability due to pneumoconiosis set forth at 20 C.F.R. Sec. 727.203. However, the ALJ further found the evidence produced by Riley to be inadequate to invoke the presumption.
 
 
 4
 20 C.F.R. Sec. 727.203(a) provides that a miner with ten years of coal mine employment must also meet one of four listed medical requirements to be entitled to the presumption of disability from pneumoconiosis. The presumption may be invoked based upon x-ray evidence establishing pneumoconiosis, section 727.203(a)(1), or pulmonary function studies establishing the presence of a chronic respiratory and pulmonary disease as demonstrated by values equal to certain listings in the regulations, section 727.203(a)(2) or blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lungs to the blood as demonstrated by listed values, section 727.203(a)(3), or "[o]ther medical evidence, including the medical judgment" which establishes the presence of a totally disabling respiratory impairment, section 727.203(a)(4).
 
 
 5
 Riley offered some evidence under each of the four enumerated categories, but the ALJ found in each instance that the evidence was outweighed by other competing evidence. It is Riley's contention that the ALJ had no right to weigh the evidence in determining whether the presumption was triggered, although he could consider competing evidence on the issue of rebuttal. This is the central issue on appeal. Although at the time the Board decided this case (April 30, 1987), petitioner had support for this interpretation of the regulation, the Supreme Court has since squarely decided this issue contrary to Riley's contentions.
 
 
 6
 On December 14, 1987, the Supreme Court handed down its decision in Mullins Coal Co. v. Director, Office of Workers Compensation Programs, --- U.S. ----, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), which reversed the Fourth Circuit's interpretation of the regulations which is the exact interpretation contended for by petitioner here. Mullins makes it crystal clear that the ALJ is to consider all relevant medical evidence and that he need not wait until the rebuttal phase of the case to weigh the evidence. Thus, petitioner is completely foreclosed on his principal argument.
 
 
 7
 Arguably, we still have left the question of whether the ALJ reached the right conclusion after weighing the evidence, but our scope of review on that issue is exceedingly narrow. Absent an error of law, findings of facts and conclusions flowing therefrom must be affirmed if supported by substantial evidence. Engle v. Director, Office of Workers Compensation Programs, 792 F.2d 63 (6th Cir.1986). Also, it is the ALJ who makes credibility determinations and resolves inconsistencies in the testimony and evidence. Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985). Having made a full review of the record, we conclude that substantial evidence supports the ALJ's findings and conclusions.
 
 II.
 
 8
 Riley also argues that the ALJ erred in denying benefits pursuant to Part 410 of the Regulations. This argument is predicated upon the fact that Congress provided in 30 U.S.C. Sec. 902(f)(2) that with regard to claims for black lung benefits filed on or before March 30, 1980, those claims shall be decided based upon Regulations no more restrictive than the criteria applicable to a claim filed on June 30, 1973.
 
 
 9
 Implicit in this argument is that in cases filed prior to July 1, 1973, a single item of qualifying evidence was always sufficient to carry a claimant's presumption invocation burden. Once again, at the time of the Board hearing there was support for this interpretation. In fact, the strongest support was actually from this circuit.[1] Unfortunately for claimant's position, however, Mullins also resolved this issue contrary to his contentions.
 
 
 10
 The interim presumption at issue in this case [Sec. 727.203(a) ], promulgated as a result of congressional dissatisfaction with Labor's low claims approval rate, is substantially similar to the SSA interim presumption [Sec. 410.490(b)(1) ]. It satisfies Congress' demand that Labor's criteria "shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973," 30 U.S.C. Sec. 902(f)(2), i.e., no more restrictive than the SSA's interim presumption.
 
 
 11
 Since Labor's interim presumption derived so directly from the SSA's, if the Court of Appeals' conclusion regarding single-item invocation were correct, one would expect to find SSA ALJ decisions permitting invocation in such a manner, and federal court decisions routinely referred to SSA ALJ invocation weighings without objection, and often with explicit approval. Thus, the legislative history of the Labor interim presumption does not establish that invocation must occur on a single piece of qualifying evidence.
 
 
 12
 Mullins, 108 S.Ct. at 437-38 (footnotes omitted).
 
 
 13
 It is interesting to note that in one of the footnotes omitted from the above quote, the Supreme Court points out that the Sixth Circuit stands alone with a contrary view. Mullins, 108 S.Ct. at 437 n. 27. After Mullins, this is a position that obviously we can no longer maintain.
 
 
 14
 In sum, it is now clear that an ALJ may weigh conflicting and competing evidence in deciding whether a claimant has carried his presumption invocation burden and that such consideration of all relevant evidence need not wait until the rebuttal phase of the proceedings. Similarly, it is clear now that this procedure of evidence weighing does not run afoul of the "[No more] restrictive than the criteria applicable to a claim filed on June 30, 1973" mandate found in 30 U.S.C. Sec. 902(f)(2).
 
 
 15
 Since all of claimant's arguments are precluded by Mullins, we AFFIRM.
 
 
 
 [1]
 Couch v. Secretary of Health and Human Services, 774 F.2d 163, 168 (6th Cir.1985); see also Hatfield v. Secretary of Health and Human Services, 743 F.2d 1150 (6th Cir.1984); Haywood v. Secretary of Health and Human Services, 699 F.2d 277 (6th Cir.1983); Lawson v. Secretary of Health and Human Services, 688 F.2d 436 (6th Cir.1982); Miniard v. Califano, 618 F.2d 405 (6th Cir.1980); Dickson v. Califano, 590 F.2d 616 (6th Cir.1978)