861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl DUNN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3150.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Earl Dunn petitions for review of a final order of the Benefits Review Board, denying his application for benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. For the following reasons, we affirm the judgment of the Board.
 
 I.
 
 2
 Claimant Earl Dunn filed his claim for black lung benefits on April 12, 1974, alleging that he had been engaged in coal mine employment for approximately twelve years and that he is disabled due to pneumoconiosis. The Department of Labor administratively denied the claim on May 14, 1980. Thereafter, this case was referred to an Administrative Law Judge (ALJ) for a formal hearing, which was held on May 17, 1985.
 
 
 3
 Upon reviewing the relevant evidence of employment history, medical evidence, and claimant's testimony, the ALJ rendered his decision and order denying benefits on October 29, 1985. Initially, the ALJ found that claimant has not established the ten years of coal mine employment required to invoke the interim presumption set forth in 20 C.F.R. Sec. 727.203. The ALJ continued, however, that the existence of pneumoconiosis has been established pursuant to 20 C.F.R. Sec. 410.414(a). Nonetheless, the ALJ found that claimant has not established the requisite relationship between his pneumoconiosis and his coal mine employment.
 
 
 4
 Dunn requested review of the ALJ's decision by the Benefits Review Board. Thereafter, on September 23, 1987, the Board affirmed the ALJ's decision and order denying benefits.
 
 
 5
 Dunn then filed notice of appeal with the United States Court of Appeals for the Fourth Circuit. The case was subsequently transferred to this court for judicial review. We must determine whether the Board's decision is supported by substantial evidence.
 
 II.
 
 6
 This court reviews the Benefits Review Board's decision under the substantial evidence standard, which specifies that the Board's factual findings are conclusive if supported by substantial evidence. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam).
 
 
 7
 Disability benefits are payable to a miner if the following three conditions are met: (1) he or she is totally disabled; (2) the disability was caused, at least in part, by pneumoconiosis; and (3) the disability arose out of coal mine employment. Mullins Coal Co. v. Director, OWCP, 108 S.Ct. 427, 431 (1987). The claimant is entitled to an interim presumption that all three conditions of eligibility are present if the claimant had been engaged in coal mine employment for at least ten years and if the claimant meets one of five requirements set forth in 20 C.F.R. Sec. 727.203(a). Id. at 431 & n. 9.
 
 
 8
 Claimant argues that he is entitled to this interim presumption. Specifically, he argues that the Board's finding that he was engaged in coal mine employment for less than ten years is not supported by substantial evidence. We reject this argument.
 
 
 9
 In the instant case, claimant's social security itemized statement of earnings discloses approximately five years of coal mine employment from 1950 through 1976. His statement of earnings also discloses significant periods of non-coal mine employment and some periods for which earnings were not reported. Claimant testified to periods of coal mine employment not reported in his itemized statement of earnings, but his testimony was vague and was inconsistent with his statement of earnings. Nonetheless, the ALJ computed claimant's coal mine employment by subtracting the period that claimant clearly was not engaged in coal mine employment from the twenty-six year time frame during which all coal mine employment took place. The ALJ's computation resulted in a finding of nine and one-quarter years of coal mine employment. This finding is supported by substantial evidence. Thus, claimant is not entitled to the interim presumption of disability contained in section 727.203(a).
 
 
 10
 Nonetheless, the claimant is entitled to an interim presumption of disability if a chest roetegenogram (x-ray) establishes the existence of pneumoconiosis, and it is established that the pneumoconiosis arose out of coal mine employment. 20 C.F.R. Sec. 410.490(b)(1)(i); Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.), petition for cert. filed, 57 U.S.L.W. 3016 (U.S. Dec. 21, 1987) (No. 87-1045).[1]
 
 
 11
 Claimant argues that he is entitled to this interim presumption. Specifically, he argues that the Board's finding that he has not established that his pneumoconiosis arose out of coal mine employment is not supported by substantial evidence. We reject this argument.
 
 
 12
 In the instant case, claimant's medical records disclose that although three doctors diagnosed pneumoconiosis or silicosis, none of those doctors opined that claimant's disease arose out of coal mine employment. Significantly, the records also disclose that the doctors were aware that claimant was engaged in substantial non-coal mine employment, including employment as a blast furnace operator. Finally, in 1977, Dr. Matheny noted that claimant had been smoking an average of one cigar per day for two years. Based on claimant's medical records, the ALJ found that claimant has not established that his pneumoconiosis arose out of coal mine employment. This finding is supported by substantial evidence. Thus, claimant is not entitled to the interim presumption of disability contained in section 410.490.
 
 
 13
 Without the benefit of these interim presumptions, claimant cannot meet his burden of proof. Therefore, the judgment of the Benefits Review Board is AFFIRMED.
 
 
 
 [1]
 The Director argues that it was error for the ALJ to apply 20 C.F.R. Part 410. This argument was recently foreclosed in Director, OWCP v. Forester, No. 87-3482 (6th Cir. Sept. 30, 1988) and Grant v. Director, OWCP, No. 87-3674 (6th Cir. Sept. 28, 1988)