865 F.2d 1268
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Banty LOONEY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3857.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1989.
 
 Before KEITH and KRUPANSKY, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Banty Looney petitions this court for review of a final order of the Benefits Review Board, denying his application for benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. For the following reasons, we vacate the Board's judgment and remand this case for further proceedings.
 
 I.
 
 2
 Claimant Banty Looney originally filed a claim for black lung benefits on April 17, 1970, alleging that he is disabled due to coal worker's pneumoconiosis. This claim, which was filed with the Social Security Administration, was denied on May 5, 1971. The claim subsequently was reconsidered under both the 1972 and 1977 amendments to the Black Lung Benefits Act and both times was again denied. The claim was then forwarded to the Department of Labor.
 
 
 3
 Looney filed additional claims for benefits with the Department of Labor on August 26, 1977 and September 25, 1978. The three claims merged pursuant to 20 C.F.R. Sec. 725.309(c). The Department of Labor administratively denied the claim. Thereafter, this case was referred to an Administrative Law Judge (ALJ) for a formal hearing, which was held on August 29, 1984.
 
 
 4
 The ALJ issued her decision and order denying benefits on April 16, 1985. Initially, the ALJ found that the preponderance of X-ray evidence was not positive for pneumoconiosis as required to invoke the interim presumption set forth in 20 C.F.R. Sec. 727.203(a)(1). The ALJ also found that the record contained no conforming pulmonary function study with qualifying values as required to invoke the interim presumption set forth in 20 C.F.R. Sec. 727.203(a)(2), and that the record contained no qualifying blood gas study as required to invoke the interim presumption set forth in 20 C.F.R. Sec. 727.203(a)(3). The ALJ found that there was no credited physician's report which states that claimant is totally disabled from a pulmonary or respiratory impairment as required to invoke the interim presumption set forth in 20 C.F.R. Sec. 727.203(a)(4). The ALJ continued, finding that claimant failed to establish entitlement under 20 C.F.R., Part 410, Subpart D. Finally, the ALJ concluded that claimant was not entitled to black lung benefits.
 
 
 5
 Claimant requested review of the ALJ's decision by the Benefits Review Board. Thereafter, on July 29, 1987, the Board affirmed the ALJ's decision and order denying benefits. Although the Board acknowledged that the ALJ failed to consider claimant's most recent X-ray, which was interpreted as positive for pneumoconiosis by an A-reader, the Board held this error to be harmless since no B-reader or Board Certified radiologist found evidence of pneumoconiosis.
 
 
 6
 This timely petition for review followed. We must determine whether the Board's decision is supported by substantial evidence.
 
 II.
 
 7
 This court reviews the Benefits Review Board's decision under the substantial evidence standard, which specifies that the Board's factual findings are conclusive if supported by substantial evidence. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam).
 
 
 8
 Disability benefits are payable to a miner if the following three conditions are met: (1) he or she is totally disabled; (2) the disability was caused, at least in part, by pneumoconiosis; and (3) the disability arose out of coal mine employment. Mullins Coal Co. v. Director, OWCP, 108 S.Ct. 427, 431 (1987).
 
 A.
 
 9
 The claimant is entitled to an interim presumption that all three conditions of eligibility are present if the claimant had been engaged in coal mine employment for at least ten years and if the claimant meets one of five requirements set forth in 20 C.F.R. 727.203(a). Id. at 431 & n. 9.
 
 
 10
 Claimant argues that he is entitled to this interim presumption. Specifically, he argues that, particularly when his most recent X-ray is considered, he meets the requirements set forth in sections 727.203(a)(1) and (4).[1] The Director stipulated that claimant had been engaged in coal mine employment for thirteen years. The Director also concedes that the ALJ erred in this case by failing to discuss the most recent X-ray, which was read by an A-reader as positive for pneumoconiosis. He argues, however, that under the circumstances a remand is proper so that the ALJ may consider this X-ray and determine in the first instance whether this evidence is sufficient to invoke the interim presumption of section 727.203(a). We agree.
 
 
 11
 In Mullins, 108 S.Ct. at 433, the Supreme Court considered "whether one item of qualifying evidence is always sufficient to invoke the interim presumption and thereby shift the burden of persuasion to the employer." The Court answered this question in the negative. The Court reasoned:
 
 
 12
 [I]t seems perfectly clear that it is not the X-ray in isolation that 'establishes' the presence of the disease; rather, the regulation must, at a minimum, have reference both to the X-ray itself and to other evidence that sheds light on the meaning and significance of the X-ray. Just as the ALJ must weigh conflicting interpretations of the same X-ray in order to determine whether it tends to prove or disprove the existence of pneumoconiosis, there would seem to be no reason why he must ignore all X-rays in a series except one.[23]
 
 
 13
 Id. at 434 & n. 23 (footnote omitted). Finally, the Court endorsed the practice of reviewing the factfinder's invocation determination for substantial evidence under a preponderance of the evidence standard. Id. at 440.
 
 
 14
 In Riley, 852 F.2d at 199, we recently summarized Mullins as follows:
 
 
 15
 In sum, it is now clear that an ALJ may weigh conflicting and competing evidence in deciding whether a claimant has carried his presumption invocation burden and that such consideration of all relevant evidence need not wait until the rebuttal phase of the proceedings. Similarly, it is clear now that this procedure of evidence weighing does not run afoul of the "[No more] restrictive than the criteria applicable to a claim filed on June 30, 1973" mandate found in 30 U.S.C. Sec. 902(f)(2).
 
 
 16
 In the instant case, the ALJ must have the opportunity to weigh the quality of claimant's most recent X-ray. This is so particularly because this X-ray was interpreted by an A-reader, while the second most recent X-ray was interpreted as negative by a more qualified B-reader reader. Cf., Johnson v. Island Creek Coal Co., 846 F.2d 364, 366 (6th Cir.1988) (stating that the ALJ is entitled to place more weight on B-readers' conclusions due to their expertise in the area). We also note, however, that "[s]ince pneumoconiosis is a progressive and irreversible disease, early negative X-ray readings are not inconsistent with significantly later positive readings." Mullins, 108 S.Ct. at 436 (quoting Elkins v. Beth-Elkhorn Corp., 2 BLR 1-683, 1-686 (Ben.Rev.Bd.1979)). Accordingly, we express no opinion on the outcome of this matter.
 
 
 17
 Our holding requires that we vacate the Board's decision as it relates to the interim presumption set forth in both sections 727.203(a)(1) and (4). This is because in addition to failing to consider claimant's most recent X-ray when applying section 727.203(a)(1), the ALJ relied on the fact that this same X-ray was against the weight of the evidence in discrediting the opinion of the physician who took the X-ray pursuant to section 727.203(a)(4). Thus, although the X-ray was not considered in weighing the evidence, it was later inexplicably deemed to be against the weight of the evidence.
 
 B.
 
 18
 If the claimant cannot establish entitlement to the interim presumption set forth in section 727.203(a), then 20 C.F.R. Sec. 727.203(d) permits him to proceed under the criteria of 20 C.F.R. Part 718. Part 718, in the form in effect at the time that Part 727 was promulgated, incorporated 20 C.F.R. Part 410, Subpart D. 20 C.F.R. Sec. 410.490(b) contains a second interim presumption. Thus, if the claimant is not entitled to the presumption set forth in section 727.203(a), he may be entitled to invoke the interim presumption set forth in Part 410. See Director, OWCP v. Forester, 857 F.2d 1121, (6th Cir.1988); Grant v. Director, OWCP, 857 F.2d 1102 (6th Cir.1988).
 
 
 19
 Claimant argues that he is entitled to this interim presumption. Specifically, he argues that, particularly when his most recent X-ray is considered, he meets the requirements of 20 C.F.R. Sec. 410.490(b). For the same reasons stated above for vacating the Board's decision as it relates to sections 727.203(a)(1) and (4), we vacate the Board's decision as it relates to Part 410. See Prater v. Hite Preparation Co., 829 F.2d 1363, 1366 fn. 2 (6th Cir.1987); Back v. Director, OWCP, 796 F.2d 169, 171 (6th Cir.1986).
 
 
 20
 For the foregoing reasons, the Board's judgment is VACATED and this case is REMANDED for further proceedings.
 
 
 21
 Since Looney's claim has been pending since 1970, the hearing on remand should be expedited.
 
 
 
 [23]
 The ALJ's task is, of course, to weigh the quality, and not just the quantity, of the evidence, before determining whether the presumption has been invoked. In [one of the cases on review], despite the fact that nonqualifying X-rays and ventilatory studies, for example, significantly outnumbered qualifying ones, the ALJ's opinion focuses not on number, but on the uncertainty of the most recent qualifying X-ray interpretation and the discounting of one of the qualifying ventilatory studies by the doctor who administered them
 
 
 [1]
 Claimant had also argued that he meets the requirements set forth in section 727.203(a)(3). Claimant abandoned this argument in his reply brief. Therefore, we do not consider this question