884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert MANBECK, Petitioner,
v.
CONSOLIDATION COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 88-3741.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Elbert Manbeck petitions this court for review of a final order of the Benefits Review Board, denying his application for benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. For the following reasons, we affirm the Board's judgment.
 
 I.
 
 2
 Claimant Elbert Manbeck filed a claim for black lung benefits on February 4, 1976, alleging that he is disabled due to coal worker's pneumoconiosis. The case was referred to an Administrative Law Judge (ALJ) for a hearing, which was held on June 13, 1980. Claimant was a coal miner who had worked at least thirty-six years at Consolidation Coal Company. There was conflicting medical evidence as to whether claimant was suffering from pneumoconiosis. Claimant admitted to smoking a pack of cigarettes a day for fifty years.
 
 
 3
 On September 30, 1982, the ALJ issued a decision and order awarding benefits. The ALJ found that claimant had invoked the interim presumption contained in 20 C.F.R. Sec. 727.203(a)(2).[1] The ALJ further found that respondent had not rebutted this presumption.
 
 
 4
 Respondent Consolidation Coal Company appealed to the Board, and on May 23, 1985, the Board vacated the ALJ's decision because the ALJ improperly discredited the opinion of Dr. Strimlan and remanded the case to the ALJ for further proceedings.
 
 
 5
 Following remand, the ALJ issued an order inviting the parties to submit written statements concerning the following questions: (1) whether the ALJ possessed the authority to reconsider the invocation of the interim presumption contained in section 727.203(a)(2); (2) whether the ALJ should reconsider invocation of the interim presumption; and, (3) whether the ALJ's reconsideration of this question would yield a different result. Consolidation Coal responded in favor of reconsideration and reversal of the ALJ's earlier invocation of the interim presumption. Claimant failed to respond.
 
 
 6
 Thereafter, on November 1, 1985, the ALJ issued a revised decision and order denying benefits. The ALJ began by holding that he could and would reconsider the invocation of the interim presumption contained in section 727.203(a)(2) and that that interim presumption was not invoked. The ALJ next held that neither was the interim presumption contained in section 727.203(a)(4) invoked. The ALJ went on to find, however, that if the interim presumption had been invoked, it was not rebutted under either section 727.203(b)(2) or section 727.203(b)(4). The ALJ concluded that entitlement is not possible under part 410.
 
 
 7
 Claimant appealed to the Board, and on June 30, 1988, the board affirmed the ALJ's revised decision.
 
 
 8
 This timely appeal followed. We must consider whether substantial evidence supports the underlying decisions.
 
 II.
 
 9
 This court has jurisdiction on appeal to review the Benefits Review Board's final order pursuant to 33 U.S.C. Sec. 921(c), incorporated by, 30 U.S.C. Sec. 932(a). We scrutinize Board decisions for errors of law and for adherence to the substantial evidence test governing the Board's review of the ALJ's factual determinations. Director, OWCP v. Rowe, 710 F.2d 251, 254 (6th Cir.1983).
 
 
 10
 Initially the Board vacated the ALJ's finding that the interim presumption had been invoked pursuant to 20 C.F.R. Sec. 727.203(b)(2) and (b)(4) in light of the ALJ's failure to properly consider Dr. Strimlan's opinion of no evidence of pneumoconiosis. We note that while remand is not a final order, the Board's initial Decision and Order to remand merges with its final revised Decision and Order denying benefits and is properly reviewable by this court.
 
 
 11
 Claimant argues that the Board's Decision and Order to remand to the ALJ was erroneous. We disagree. The ALJ is required to review all relevant medical evidence of record in his decision and order. Failure to adequately discuss all the evidence of record and explain why certain reports are credited over other reports requires remand.
 
 
 12
 Disability benefits are payable to a miner if the following three conditions are met: (1) he or she is totally disabled; (2) the disability was caused, at least in part, by pneumoconiosis; and (3) the disability arose out of coal mine employment. Mullins Coal Co. v. Director, OWCP, 108 S.Ct. 427, 431 (1987).
 
 
 13
 The claimant is entitled to an interim presumption that all three conditions of eligibility are present if the claimant had been engaged in coal mine employment for at least ten years and if the claimant meets one of five requirements set forth in section 727.203(a). Mullins, 108 S.Ct. at 431 & n. 9.
 
 
 14
 Claimant argues that he is entitled to this interim presumption. Specifically, claimant argues that the ALJ's previous finding that the interim presumption had been invoked pursuant to section 723.203(a)(2) has become the law of the case and may not be disturbed. We disagree.
 
 
 15
 In the instant case, the Board held that claimant's objection to the ALJ's reconsideration of the interim presumption's invocation had been waived by claimant's failure to argue this issue before the ALJ. We agree. "As a general matter, where a party has had an opportunity to object before the administrative law judge and has failed to do so, the Board has held that the party has waived its objection and cannot raise its objection on appeal to the Board." Kauzlarich v. Director, OWCP, 4 BLR 1-744, 1-746 (1982). Cf. Sigmon Fuel Co. v. Tennessee Valley Authority, 754 F.2d 162, 164-65 (6th Cir.1985) (stating that this court has declined to review arguments not presented to the trial court in the first instance). Claimant's contention that argument on this issue would have been futile is meritless.
 
 
 16
 Alternatively, the Board held that the law of the case doctrine did not preclude the ALJ's reconsideration of whether the interim presumption had been invoked because there had been an intervening change of controlling law. Bolyard v. Peabody Coal Co., 6 BLR 1-767 (1984), on which the ALJ relied in changing its position on the interim presumption question, was decided after the ALJ's original decision. We agree that the law of the case doctrine does not prohibit the ALJ's holding on the interim presumption issue. In Cale v. Johnson, 861 F.2d 943, 947 (6th Cir.1988), this court noted that grounds for eschewing the doctrine of law of the case include an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice. Although, as petitioner notes, the Tenth Circuit held as early as 1979 that results of blood gas studies should not be rounded, see Gutierrez v. Califano, 612 F.2d 1247, 1248-49 (10th Cir.1979), Bolyard was the first case involving the FEV scale in section 727.203(a)(2). Bolyard, which was decided by the Board, also constituted the first such decision directly controlling on the ALJ.
 
 
 17
 Claimant also argues that the ALJ had no authority to exceed the scope of the Board's remand order. We disagree. "While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues." Sprague v. Ticonic Natl' Bank, 307 U.S. 161, 168 (1939).
 
 
 18
 Claimant also argues that the ALJ erred in following its holding in Bolyard and the Tenth Circuit's holding in Gutierrez that qualifying values must be equal to or less than the listed table values without rounding. We disagree with claimant's argument. The plain language of section 727.203(a)(2) states that qualifying values must be equal to or less than the values specified in the table included in the regulations. As the Tenth Circuit reasoned in Gutierrez, 612 F.2d at 1249, "The figures listed in the table appear to us clearly to constitute the boundaries of ranges of values." (emphasis in original). Moreover, this holding is not inconsistent with the Seventh Circuit's holding in Amax Coal Co. v. Anderson, 771 F.2d 1011 (7th Cir.1985). We agree with the court in Amax, id. at 1015, that the difference between the measurements involved in Bolyard and Gutierrez and the height listings involved in Amax Coal Co. is that both the blood gas table and the FEV scale expressly list measurements inclusively, while the height listings do not.
 
 
 19
 Finally, claimant argues that the ALJ's finding that the interim presumption was not invoked pursuant to section 727.203(a)(4) is not supported by substantial evidence. We disagree. In Riley v. National Mines Corp., 852 F.2d 197, 199 (6th Cir.1988) (per curiam), this court emphasized "that an ALJ may weigh conflicting and competing evidence in deciding whether a claimant has carried his presumption invocation burden and that such consideration of all relevant evidence need not wait until the rebuttal phase of the proceedings." That is precisely what happened in the instant case.
 
 
 20
 For the foregoing reasons, we AFFIRM the Board's judgment.
 
 
 
 [1]
 Unless otherwise indicated, all citations are to volume 20 of the Code of Federal Regulations