961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virgil HERALD, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, Respondent.
 No. 91-3711.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1992.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 The petitioner seeks review of a denial by the Benefits Review Board, United States Department of Labor, of benefits claimed under the Black Lung Benefits Act, 30 U.S.C. §§ 901 et seq. Finding substantial evidence to support the denial of benefits, we shall deny review and allow the agency's decision to stand.
 
 
 2
 * The petitioner, Virgil Herald, was 66 years old at the time of the hearing. He testified that he began work in the coal mines in 1942 with Columbus Mining Company. His work in the mines ended in 1952. (He was subsequently employed by General Motors for 28 years.) Mr. Herald's social security itemized statement of earnings lists 28 quarters of employment with Columbus Mining. The parties stipulated that Mr. Herald had worked for seven years in the coal mines, and the ALJ determined that the stipulated figure was an accurate one.
 
 
 3
 In May of 1973 Mr. Herald filed a Part B application for black lung benefits with the Social Security Administration. The Administration denied his claim in August of 1973. He filed a request for reconsideration, and in February of 1974 his claim was denied again. In July of 1978 he requested that the Administration review his claim pursuant to the Black Lung Benefits Reform Act of 1977. The Administration denied the claim and forwarded it to the Department of Labor for review. The Department denied benefits early in 1980.
 
 
 4
 In July and August of 1986 Mr. Herald filed new claims with the Department of Labor. The new claims were denied in December of 1986 after an informal conference. Mr. Herald requested a formal hearing before an administrative law judge, and such a hearing was held in January of 1990.
 
 
 5
 The ALJ had before him Mr. Herald's medical record, which included three chest x-rays that had been submitted in support of the 1986 claim. Also available was the x-ray evidence submitted in connection with the original claim. The 1986 x-rays were either negative for pneumoconiosis or unreadable. With respect to the x-rays submitted on the original claim, the ALJ found that they were "uniformly negative." Although there was one positive interpretation, it was not given much weight because it had been rendered by a physician with no particular radiographic qualifications. That particular film had been reconsidered by a doctor who was a B-reader and a board-certified radiologist, moreover, and he read the x-ray as negative for pneumoconiosis. Accordingly, the ALJ held that Mr. Herald could not establish the existence of pneumoconiosis under 20 C.F.R. § 202(a)(1).
 
 
 6
 The record also contained medical reports issued by five physicians. One of the physicians, Dr. Lee Jackson, examined Mr. Herald in September of 1986. Dr. Jackson noted that Mr. Herald was obese but that his chest was normal. Based on all of the tests performed (arterial blood gas, pulmonary function, electrocardiogram, and chest roentgenogram), Dr. Jackson, a board-certified internist, opined that Mr. Herald did not have pneumoconiosis and that he had the respiratory capacity to work as a miner.
 
 
 7
 Dr. Everett Sandlin examined Mr. Herald in March of 1987 and noted that he had chronic obstructive lung disease. He indicated, however, that he could not determine whether Mr. Herald had pneumoconiosis.
 
 
 8
 Mr. Herald's treating physician, Dr. James Schroer, submitted three letters on Mr. Herald's behalf. Dr. Schroer, an internist who is not board-certified, stated in May of 1987 that Mr. Herald had increasing shortness of breath and a chronic nonproductive cough, both of which were said to be symptomatic of black lung disease. There was no indication that Dr. Schroer had conducted any objective medical testing. In January of 1988 he provided another letter indicating that Mr. Herald had black lung disease. Once again, there was no indication that Dr. Schroer had performed any objective testing. In December of 1989 Dr. Schroer reiterated his findings and stated that Mr. Herald's "breathing difficulty has become worse in [the] past 4 years due to lung trouble, chronic."
 
 
 9
 The record also contains a letter written by Dr. John A. Naber. The letter, dated December 30, 1987, stated that Mr. Herald had a breathing problem and a chronic nonproductive cough, which could be the result of black lung disease.
 
 
 10
 Finally, the record contains the report of board-certified physician Thomas E. Bunnell. In October of 1989 Dr. Bunnell submitted a report indicating that Mr. Herald had moderately severe chronic lung disease. He examined an x-ray report which he interpreted as showing symptoms consistent with pneumoconiosis. He discounted Mr. Herald's smoking history as being insignificant since he had stopped smoking 20 years earlier.
 
 
 11
 The ALJ examined all of the medical records and determined that Dr. Jackson's report was more credible than Dr. Bunnell's because, among other things, it was better supported by the underlying documentation. The ALJ held that Mr. Herald did not establish pneumoconiosis under § 718.202(a)(4), and the claim for benefits under Part 718 was therefore denied. Mr. Herald then appealed to the Benefits Review Board, which affirmed the ALJ's decision. This proceeding followed.
 
 II
 
 12
 The particular claim with which we are concerned here was filed on July 15, 1986, and it is therefore subject to the provisions of 20 C.F.R. Part 718. See 20 C.F.R. § 718.2. In order to establish a claim under Part 718, a claimant must prove (1) that he has pneumoconiosis, (2) that his pneumoconiosis was due in part to his coal mine employment, and (3) that he is totally disabled by pneumoconiosis. Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of the elements by a preponderance of the evidence. Id.; 20 C.F.R. § 718.403. Absent a clear error of law, the ALJ's findings must be affirmed if supported by substantial evidence. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988). "[S]ubstantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 13
 The ALJ determined that Mr. Herald could not establish the existence of pneumoconiosis under § 718.202(a)(4). (Mr. Herald does not challenge the ALJ's finding with respect to the x-rays.) Mr. Herald argues that substantial evidence does not support the ALJ's determination because he failed to take into account other relevant medical evidence, especially the May 1990 report of Dr. Bunnell. He contends that the later medical opinions are more probative of his condition because with the passage of time physicians should be able to determine more accurately the cause of his respiratory impairment.
 
 
 14
 The May 1990 report cannot be considered, however, because it was not before the ALJ, and Mr. Herald did not follow the proper procedures to have it considered by the ALJ at a later date. See 20 C.F.R. § 802.301; see also Saginaw Mining Co. v. Mazzulli, 818 F.2d 1278 (6th Cir.1987). The ALJ evaluated all of the other medical evidence and concluded that Mr. Herald had not proven pneumoconiosis under 20 C.F.R. § 202(a)(4). The ALJ is charged with making credibility determinations and with resolving inconsistencies in the testimony and evidence. Riley, 852 F.2d at 198. Here, the ALJ's decision to credit Dr. Jackson's report over those of Dr. Bunnell, Dr. Schroer, and Dr. Naber was based upon sound considerations: that Dr. Jackson practiced in the area and was board-certified, unlike Dr. Schroer; that Dr. Jackson's report was well reasoned and well documented, unlike the reports of Dr. Naber and Dr. Schroer; that Dr. Jackson's report was better supported by his underlying documentation than Dr. Bunnell's; and that it was unreasonable for Dr. Bunnell to discount Mr. Herald's smoking (one pack per day for ten years), which had ended twenty years ago, but to implicate his coal mine employment, which had ended thirty-seven years ago.
 
 
 15
 Mr. Herald also argues that under 20 C.F.R. § 718.203(b) he is entitled to a presumption that his pneumoconiosis arose out of his coal mine employment. He contends that the ALJ erroneously failed to take into account the five years during which he had worked in a private/family use mine. Before pneumoconiosis can be attributed to work in the mines, however, its existence must be established. That was not done here.
 
 
 16
 The petition for review is DENIED.