23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Rebie ADKINS, Widow of Elzie Adkins, Petitioner,
v.
DOUBLE-O COAL COMPANY and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-4276.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: GUY and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Rebie Adkins, pro se, petitions for review of a Benefits Review Board's decision denying survivor's benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901 et seq. The claimant filed for benefits on the basis of the coal mining employment of her deceased husband, Elzie Adkins. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The miner, Elzie Adkins, filed a claim for black lung benefits on April 8, 1974. The Department of Labor initially denied this application for benefits, but later determined that the miner was eligible for benefits. Payment of benefits was ordered to begin by August 17, 1980. The case was referred to an administrative law judge (ALJ) who, after holding a formal hearing, determined that the claim should be denied because the evidence did not justify a finding of total disability due to pneumoconiosis. Mr. Adkins appealed to the Benefits Review Board, which affirmed the ALJ's decision. The miner then appealed to this court, which dismissed the petition as untimely filed.
 
 
 3
 On March 29, 1985, the miner filed a second claim for benefits, which was treated by the Deputy Commissioner (now "District Director" under the regulations) as a motion for modification pursuant to 20 C.F.R. Sec. 725.310. Unfortunately, Mr. Adkins died on January 21, 1986, before further adjudication of this claim. On March 13, 1986, Mrs. Adkins filed her claim for survivor's benefits. The Deputy Commissioner initially determined that Mrs. Adkins was entitled to benefits, but after an informal conference wherein the Commissioner considered both the miner's claim and the widow's claim, benefits were denied. These claims were consolidated and forwarded to the Office of Administrative Law Judges. A formal hearing was held before an administrative law judge on March 22, 1990.
 
 
 4
 Analyzing the miner's second application for benefits under Sec. 725.310 as a request for modification, the ALJ determined that the interim presumption of disability provided for by Sec. 727.203(a)(1) was applicable. Nevertheless, the ALJ found that the employer had presented sufficient evidence to rebut this presumption pursuant to Sec. 727.203(b)(3), because the employer had shown that neither the miner's disability nor his death was in any way related to the his past occupation as a coal miner. The ALJ further found that Mrs. Adkins was not entitled to widow's benefits because she could not establish that her husband's death was "due to pneumoconiosis" as required by 20 C.F.R. Sec. 718.205. Both the miner's claim and the widow's claim were therefore denied.
 
 
 5
 On appeal, the Board affirmed the ALJ's conclusions as supported by substantial evidence. In her petition for review by this court, Mrs. Adkins argues that the ALJ ignored the "black lung disability present in Elzie Adkins" and focused on his other illnesses, which Mrs. Adkins argues were aggravated by his black lung disease. She also states that the physicians who opined that her husband's death was not caused directly or indirectly by black lung disease do not realize that "medicine is not an exact science."
 
 
 6
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Skukan v. Consolidation Coal Co., 993 F.2d 1228, 1231 (6th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3429 (U.S. Dec. 17, 1993) (No. 93-964); Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 Because the miner's initial application for benefits was filed in 1974 and was later adjudicated under the "review" provisions pursuant to Sec. 435 of the Act, see 30 U.S.C. Sec. 902(f), his second claim was properly reviewed under Part 727 of the regulations. The parties do not dispute that the interim presumption in favor of the miner was invoked by the autopsy evidence of pneumoconiosis, pursuant to Sec. 727.203(a)(1). Because the presumption applied, the four elements of eligibility were presumptively established: 1) the existence of pneumoconiosis; 2) the causal connection between the pneumoconiosis and the coal miner's coal mine employment; 3) total disability; and 4) the causal connection between the miner's pneumoconiosis and total disability. 20 C.F.R. Sec. 727.203(a).
 
 
 8
 Once the interim presumption has been invoked, it is the burden of the party opposing entitlement to establish rebuttal under one of four methods. 20 C.F.R. Sec. 727.203(b). The only subsection of the rebuttal provisions at issue on appeal is Sec. 727.203(b)(3), under which the employer may introduce evidence to show that the total disability of the miner "did not arise in whole or in part out of coal mine employment." This circuit has held that an employer satisfies the requirements of this subsection when it shows that pneumoconiosis played no part in causing a miner's disability or death. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985). See also Saginaw Mining Co. v. Ferda, 879 F.2d 198, 207 (6th Cir.1989) (reaffirming rule in Gibas ).
 
 
 9
 The administrative record reveals that the ALJ met his obligation of considering all relevant evidence in finding that the interim presumption had been rebutted. York v. Benefits Review Bd., 819 F.2d 134, 136 (6th Cir.1987). The ALJ found that the employer successfully rebutted the presumption of disability under Sec. 727.203(b)(3) because the medical evidence showed that the miner's disability and death were in no way related to the "inhalation of coal mine dust." The medical evidence is uncontradicted that the immediate cause of the miner's death was a rupture of the heart. The issue, then, is the extent to which the pneumoconiosis found in the miner's lungs upon his demise contributed to his disability before death and to the death itself.
 
 
 10
 As noted by the ALJ, Dr. DeLara opined that the miner was totally and permanently disabled from pneumoconiosis prior to his death and that pneumoconiosis was a contributing factor to his death. Dr. Richard Buddington opined that, although it was "very obvious that the acute myocardial rupture was the immediate cause of death," it was medically reasonable to assume that pneumoconiosis, which was "extensive and significant," was a "contributing factor towards Mr. Adkins's demise." Dr. Buddington reported that he did not believe that one could put a quantitative number on how much of the pneumoconiosis contributed to the death.
 
 
 11
 Notwithstanding these opinions in favor of the miner's and widow's claims, the more highly qualified physicians reporting on the miner's condition before and after his death opined that the cause of death was a myocardial infarction in no way related to Mr. Adkins' occupation in the mines or to the microscopic evidence of pneumoconiosis as set forth in the pathology reports. Specifically, Drs. Anderson, Lane, Tuteur, Fino and Branscomb submitted reports that essentially rule out any connection between the miner's death or disability before death and the pneumoconiosis. Unlike Drs. DeLara and Buddington, these doctors are all board-certified in internal medicine and two of them are also certified in the subspecialty of pulmonary disease.
 
 
 12
 This court must defer to an ALJ's determination of credibility and resolution of inconsistencies in testimony, including the weight to be accorded physicians' opinions. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988). See also Welch v. Benefits Review Bd., 808 F.2d 443 (6th Cir.1986). Because substantial evidence supports the ALJ's findings that the sole cause of the miner's disability was something other than pneumoconiosis and that the miner's pneumoconiosis was not a contributing cause to his death, these findings, as affirmed by the Board, must be upheld by this court on review. Wright v. Island Creek Coal Co., 824 F.2d 505, 508 (6th Cir.1987); Ramey, 755 F.2d at 492.
 
 
 13
 Without further discussion of the medical evidence, the ALJ determined that, because analysis of the evidence for purposes of the miner's claim revealed that the miner's death was not causally related in any way to pneumoconiosis, the widow was precluded from entitlement to benefits under the standard set forth in Part 718 of the regulations. 20 C.F.R. Sec. 718.1(a). Survivors who file after January 1, 1982, must establish that the miner's death was due to pneumoconiosis, as defined by 20 C.F.R. Sec. 718.205(c). These regulations provide that death will be considered "due to" pneumoconiosis when: 1) competent medical evidence establishes that the miner's death was due to pneumoconiosis; 2) pneumoconiosis was a substantially contributing cause or factor leading to the miner's death or death was caused by complications of pneumoconiosis; or 3) the presumption set forth in Sec. 718.304 is applicable.
 
 
 14
 The presumption in Sec. 718.304 does not apply to this claim, because no complicated pneumoconiosis was found. We cannot say that the ALJ erred in finding that the miner's death was due solely to his myocardial infarction, uncomplicated by his pneumoconiosis.
 
 
 15
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.