43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. RICE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 94-3543.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1994.
 
 Before JONES, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Charles E. Rice, pro se, petitions for review of the Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rice filed his first claim for benefits on September 28, 1979. That claim was denied by the Deputy Commissioner (now District Director under the regulations) on April 13, 1981. No appeal was taken from that denial and the claim was then considered abandoned. See 20 C.F.R. Sec. 725.409; Jordan v. Director, OWCP, 892 F.2d 482, 487 (6th Cir.1989).
 
 
 3
 Rice filed a second claim, on December 22, 1986. That claim was denied, administratively, and after a hearing, an Administrative Law Judge (ALJ) issued a Decision and Order denying benefits, on November 20, 1989. The ALJ found that Rice failed to establish the existence of pneumoconiosis as required to be entitled to benefits under 20 C.F.R. Sec. 718.202. On appeal, the Board found that the ALJ improperly discounted certain medical opinions and ordered that the case be remanded for reconsideration. On remand, an ALJ reexamined each physician's report and determined that this evidence supported a finding of pneumoconiosis under Sec. 718.202(a)(4). However, the ALJ also concluded that the evidence did not show Rice was totally disabled. Thus, benefits were denied. The Board then affirmed the second ALJ's decision as supported by substantial evidence.
 
 
 4
 On appeal to this court, the pro se petitioner argues that he deserves black lung benefits because: 1) the ALJ failed to consider one of Dr. Baker's reports; 2) Dr. Baker had run a biopsy, but "never gave a report on it"; and 3) Rice worked at least 12 years or more in the coal mines and was diagnosed with black lung disease.
 
 
 5
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 Because Rice's second claim was filed over one year after the administrative denial of his first claim, the ALJ and Board properly construed this second claim as a "duplicate" claim under the regulations. See 20 C.F.R. Secs. 725.309 and 725.310. Thus, the duplicate claim was processed in accordance with the traditional three-tier system to determine whether there had been a material change of condition in the miner's health. See Lukman v. Director, OWCP, 896 F.2d 1248, 1254 (10th Cir.1990). Moreover, because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed this claim under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 7
 The Director does not contest the ALJ's finding that Rice suffers from pneumoconiosis, based on the physicians' reports of record, pursuant to Sec. 718.202(a)(4). Thus, the only remaining issue is whether the ALJ's finding that Rice was not totally disabled is supported by substantial evidence. Upon review of the pulmonary function study and blood gas study results, this court concludes that the ALJ properly found that these test results were not qualifying under the applicable regulations. 20 C.F.R. Secs. 718.204(c)(1) and 718.204(c)(2); Appendices B and C to Part 718. Moreover, the ALJ properly found Sec. 718.204(c)(3) not applicable to Rice's claim, because there is no evidence in the record that Rice suffered from cor pulmonale.
 
 
 8
 The evidence also supports the ALJ's finding that Rice's subjective assessment of his own inability to work did not support a finding of total disability under Sec. 718.203, although the claimant's assessments were contained in the medical reports of Drs. Bushey and Baker. See Kowalchick v. Director, OWCP, 893 F.2d 615, 623 (3d Cir.1990); Jordan v. Benefits Review Bd., 876 F.2d 1455, 1460 (11th Cir.1989). The ALJ also properly noted that Dr. Baker found no pulmonary impairment after his second examination, in contrast to this physician's earlier examination report diagnosing pneumoconiosis and impairment from that disease. Thus, the ALJ's conclusion that Rice is not totally disabled is supported by the record. See Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam).
 
 
 9
 Contrary to Rice's argument, the ALJ did not consider Dr. Baker's second medical report. Moreover, there is no evidence in the record that Dr. Baker ever ran a biopsy of Rice's lungs, notwithstanding the claimant's statement that such a biopsy was performed. Lastly, the fact that Rice suffers from pneumoconiosis does not entitle him to benefits without a showing that he is totally disabled from the disease.
 
 
 10
 Accordingly, the petition for review of this claim is denied pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.