**Ethel HAMBY, Widow of James R. Hamby, Petitioner,**

v.

**RICHLAND COAL COMPANY; Old Republic Insurance Company; Director, Office of Workers' Compensation Programs, United States, Respondents.**

**No. 03–3497.**

United States Court of Appeals, Sixth Circuit.

Sept. 4, 2003.

Ethel Hamby, pro se, Robbins, TN, for Petitioner.

Laura Metcoff Klaus, Mark E. Solomons, Greenberg & Traurig, Patricia Nece, Jeffrey S. Goldberg, U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Respondents.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

## ORDER

Ethel Hamby, a Kentucky citizen, petitions pro se for review of a decision of the Benefits Review Board affirming the denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mrs. Hamby is the widow of a coal miner, James R. Hamby. The miner was born in 1926, and worked in coal mining for thirty years before retiring in 1987.

The miner apparently died in 1999, and Mrs. Hamby is pursuing his claim for benefits in this action, rather than a claim for survivor's benefits. The miner first filed a claim for black lung benefits in 1972, which was finally denied in 1979. He filed this second claim after his 1987 retirement. The claim has been pending since that time, having been vacated and remanded by the Benefits Review Board (BRB) on numerous occasions. In the latest decision by an administrative law judge (ALJ), it was determined that the miner had not established a total disability, and that any disability was not due to pneumoconiosis. The BRB affirmed the conclusion that the miner had not established a total disability, and did not reach the issue of the etiology of any disability. In her brief, Mrs. Hamby argues that the doctors' opinions of record were sufficient to establish that the miner was totally disabled, and that a previous award of benefits by a different ALJ should be reinstated.

This court reviews a decision in a black lung benefits case to determine whether it is supported by substantial evidence and in accordance with the applicable law. *Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998). The decision in this case meets this standard, and the petition for review must therefore be denied.

Because this was a duplicate claim, the miner was required to establish a material change in condition. *Sharondale Corp. v. Ross,* 42 F.3d 993, 997 (6th Cir.1994). In a previous decision, an ALJ found that a material change had been established in that the miner had established the existence of pneumoconiosis, which had not been shown in his original claim for benefits. The only issues before the ALJ on the most recent remand were whether the miner had established a total disability based on the physicians' opinions and the balance of the evidence, and whether any disability was due to pneumoconiosis.

There were three physicians' reports in the record. Dr. Sergeant examined the miner in connection with both of his claims, and reported finding no pulmonary impairment. Dr. Hudson diagnosed the miner as suffering from bronchitis, arteriosclerotic heart disease, and a history of stroke. He opined that the miner's lung disease was due to his life-long smoking habit, and that, from a pulmonary standpoint, the miner could perform light work, but was totally disabled based on his overall medical condition. Dr. Baker diagnosed pneumoconiosis, chronic obstructive airways disease, bronchitis, and aortic insufficiency. He found that the miner's respiratory impairment was due to both pneumoconiosis and smoking, and that the miner was disabled from a pulmonary standpoint. In order to establish a total disability, the evidence must show that the miner is prevented from obtaining employment using skills comparable to those required by the last coal mine work he engaged in for a substantial period of time. *Bowling v. Director, OWCP,* 920 F.2d 342, 344 (6th Cir.1990). In this case, the ALJ concluded that the miner's usual coal mine work was as a heavy equipment operator in strip mining, which he found to be light work. Therefore, he concluded that Dr. Hudson's report did not support a finding of a total disability, as he opined that the miner could perform light work from a pulmonary standpoint. The ALJ assigned less weight to Dr. Baker's opinion because there was no indication that Dr. Baker was aware of the miner's usual coal mine work. This court defers to an ALJ's determination of the amount of weight to be given to doctors' opinions so long as that determination has a rational basis. *Riley v. National Mines Corp.,* 852 F.2d 197, 198 (6th Cir.1988). The ALJ's decision in this case meets that standard.

Moreover, the evidence of respiratory disability based on the doctors' reports has to be weighed together with the other

evidence on the issue of disability. *Tussey v. Island Creek Coal Co.*, 982 F.2d 1036, 1041 (6th Cir.1993). In this case, the pulmonary function study evidence showed a mild to moderate impairment insufficient to establish a total disability under the regulations. The blood gas test results were within normal limits, and there was no diagnosis of cor pulmonale. Weighing all of the evidence of record on the issue of total disability, therefore, the ALJ's finding that no disability had been established is supported by substantial evidence and in accordance with the applicable law. Because the finding of no total disability is fatal to the claim, it is not necessary to review the decision that any disability was not due to pneumoconiosis.

Based on the above reasoning, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.