Cecil Wayne **RAMEY,** Petitioner,

v.

**MCI MINING CORPORATION; Claims Services Corporation; Director, Office of Workers' Compensation Programs, United States, Respondents.**

No. 03–3732.

United States Court of Appeals, Sixth Circuit.

March 15, 2004.

Zaring P. Robertson, Morgan, Madden, Brashear & Collins, Richmond, KY, for Petitioner.

Laura Metcoff Klaus, Mark E. Solomons, Greenberg & Traurig, Patricia Nece, Barry H. Joyner, U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Respondents.

Before MARTIN, CLAY, and CUDAHY,* Circuit Judges.

## ORDER

Cecil Wayne Ramey, a Kentucky citizen, petitions through counsel for review of an order of the Benefits Review Board affirming an administrative law judge's decision denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Ramey was born in 1941 and worked in coal mining for at least sixteen years, mostly as a truck driver and bulldozer operator in strip mine operations. He filed a claim for black lung benefits in

---

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

2000, and was awarded benefits at the administrative level. The respondent, Ramey's former employer, requested a hearing before an administrative law judge (ALJ). At the conclusion of the hearing, the ALJ issued a decision denying the claim for benefits, concluding that Ramey had not established that he suffered from pneumoconiosis or that he was totally disabled. The Benefits Review Board affirmed that decision, and this petition for review followed. Ramey argues that the ALJ's consideration of the X-ray, pulmonary function study, and doctors' opinions evidence was faulty.

■ Upon careful consideration, we conclude that the ALJ's findings in this case are supported by substantial evidence, and the petition for review must therefore be denied. *Y. & O. Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir.1995).

Ramey's challenge to the ALJ's analysis of the X-ray evidence in this case is without merit. Although there was one positive X-ray reading in the record, it was by a physician with no special qualifications for interpreting X-rays. The ALJ properly considered the superior qualifications of all the other readers, none of whom found any of the three subsequent X-rays positive for pneumoconiosis. *Staton v. Norfolk & Western Ry. Co.*, 65 F.3d 55, 59 (6th Cir.1995); *Woodward v. Director, OWCP*, 991 F.2d 314, 321 (6th Cir.1993). Similarly, Ramey's challenge to the analysis of the pulmonary function study evidence is without merit. The ALJ properly concluded that Ramey could not establish a total disability based on this evidence, where the only study which produced qualifying values was found not to conform to the quality standards in the regulations.

■ Finally, Ramey's arguments concerning the ALJ's treatment of the physicians' opinion evidence are unpersuasive. The court must defer to the ALJ's determination of the weight to be given to the physicians' opinions where that determination is supported by substantial evidence. *Riley v. National Mines Corp.*, 852 F.2d 197, 198 (6th Cir.1988). Ramey argues that the ALJ should have accorded more weight to the opinions of Drs. Chaney, Sundaram and Younes. The ALJ properly concluded that, although Dr. Chaney was Ramey's treating physician, his opinion was not entitled to deference because it was undocumented and unreasoned. *Eastover Mining Co. v. Williams*, 338 F.3d 501, 512–13 (6th Cir.2003). Dr. Chaney had only been treating Ramey for slightly more than one year, and mostly for high blood pressure, skin cancer, and arthritis. Although he stated that Ramey had pneumoconiosis and was disabled, the records submitted failed to document or explain these conclusions. Dr. Sundaram's diagnosis was properly discounted as it appeared to be based on his positive X-ray reading, which was out of line with the rest of the X-ray evidence. *Cornett v. Benham Coal, Inc.*, 227 F.3d 569, 576 (6th Cir.2000). Finally, the opinion from Dr. Younes was also undocumented and unreasoned, because it did not state what evidence had been reviewed, and consisted mainly of check marks on a pre-printed form furnished by the Department of Labor. On the other hand, the opinions credited by the ALJ were from highly qualified physicians who explained the documentation behind their conclusions.

Because Ramey's criticisms of the ALJ's decision are without merit, the conclusion that Ramey failed to establish eligibility for black lung benefits by a preponderance of the evidence is supported by substantial evidence. *See Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 158, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987). The petition for review is therefore denied.