Bertha COLEMAN (Widow of Avery Coleman), Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS and United States Department of Labor, Respondents.**

No. 86–3610.

United States Court of Appeals, Sixth Circuit.

July 10, 1987.

John C. Dixon (argued), Barbourville, Ky., for petitioner.

Benefits Review Bd., U.S. Dept. of Labor, Michael J. Denney (argued), Thomas L. Holzman, Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for respondents.

Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.

PER CURIAM.

Petitioner Bertha Coleman, wife of deceased coal miner Avery Coleman, petitions for review of the decision of the Benefits Review Board (Board) denying her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.* Petitioner argues that the medical evidence of record is not relevant to the question of whether her husband had been totally disabled from pneumoconiosis, and that the Board should therefore have determined that the lay evidence of record was sufficient to invoke an interim presumption of disability pursuant to 20 C.F.R. § 727.203(a)(5). For the reasons which follow, we affirm the order of the Benefits Review Board.

I.

Avery Coleman died on March 12, 1952, at the age of 52, having worked in coal mines for twenty years. His wife, Bertha Coleman, filed an application for black lung benefits on June 14, 1971. Her claim was denied administratively, and was ultimately denied by an Administrative Law Judge (ALJ) on March 28, 1974. Subsequently, petitioner elected to have the denial of her claim reviewed by the Department of Labor pursuant to 30 U.S.C. § 945(a)(1)(B). After her claim was denied by the Depart-

ment of Labor on October 2, 1980, a hearing was conducted upon her request before another ALJ on August 1, 1984.

At this second hearing, petitioner testified regarding her husband's work in the coal mines and his physical ailments prior to his death. Several affidavits of the coal miner's acquaintances were also admitted into evidence, each stating that the deceased had suffered from shortness of breath prior to his death. Further, medical reports were made part of the record. These reports established that in February 1950, the coal miner had been hospitalized for a dislocated elbow. The examining doctor indicated that the coal miner's lungs were clear to auscultation and percussion with no rales. The coal miner was hospitalized twice in November and December 1951, and was diagnosed as having a reticulum cell sarcoma of the cervical glands. As a result, a lymphoma was removed from the coal miner's neck. A chest x-ray taken in November 1951, showed clear lung fields and was interpreted as normal. The miner was again hospitalized in January 1952, and was discharged in February 1952, one month prior to his death. His death certificate indicated that the sole cause of his death was reticulum cell sarcoma. No autopsy was performed. In sum, the medical reports did not reveal a totally disabling respiratory or pulmonary impairment.

On October 23, 1984, the ALJ issued his opinion denying petitioner's request for benefits. While finding that petitioner had established that her husband had worked twenty years in coal mines, he concluded that neither the medical reports nor the lay evidence established that claimant was totally disabled due to pneumoconiosis. The ALJ reasoned that the medical evidence was insufficient to invoke the presumptions under 20 C.F.R. § 727.203(a) or to establish total disability pursuant to 20 C.F.R. § 410.414. The ALJ specifically concluded that the presumption under section 727.-203(a)(5) could not be invoked on the basis

of the affidavit evidence since relevant medical evidence as to the miner's cause of death was available.

On appeal to the Benefits Review Board, petitioner argued that the medical evidence, combined with the lay testimony, was sufficient to invoke the interim presumption under section 727.203(a)(4) or to establish total disability pursuant to section 410.414(c). The Board rejected these arguments and affirmed the denial of benefits, concluding that the ALJ's decision was supported by substantial evidence.

This timely appeal followed. We have jurisdiction to review final decisions of the Benefits Review Board pursuant to section 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a), incorporating section 21(c) of the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 921(c). *See Director, Office of Workers' Compensation Programs v. Rowe,* 710 F.2d 251, 253 (6th Cir.1983).

II.

Petitioner raises only one argument before this court: that the medical evidence of record is irrelevant to the issue of whether her husband had pneumoconiosis, and that in the absence of relevant medical evidence to the contrary, the lay evidence of record was sufficient to invoke the presumption of total disability. Accordingly, petitioner asserts that she is entitled to the interim presumption under 20 C.F.R. § 727.203(a)(5).[1] We are unpersuaded by this argument.

Section 727.203(a)(5) provides that a miner who has established ten years of coal mine employment will be presumed to have died of pneumoconiosis if he meets the following requirement:

In the case of a deceased miner where *no medical evidence* is available, the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrates the

---

1. Although petitioner does not specify that she is relying on subsection (5) of § 727.203(a), that is the only subsection of § 727.203(a) she could possibly be referring to. The other subsections provide for interim presumptions of total dis-

ability established by x-ray, biopsy or autopsy evidence (subsection (1)), ventilatory studies (subsection (2)), blood gas studies (subsection (3)), or other medical evidence (subsection (4)).

presence of a totally disabling respiratory or pulmonary impairment.

(Emphasis added). What constitutes "no medical evidence" for the purpose of this regulation has recently been considered by the Seventh Circuit in *Dempsey v. Director, Office of Workers' Compensation Programs*, 811 F.2d 1154 (7th Cir.1987). In that case, the court rejected the Director's assertion that the subsection (a)(5) presumption was available only when there is a total absence of medical evidence. Instead, the court reasoned that subsection (a)(5) applies as a matter of law "where no medical evidence exists *on the issue of disability.*" *Id.* at 1160 (emphasis added). While the medical records in *Dempsey* indicated the existence of a lung impairment, they were silent as to whether the lung impairment was disabling. Accordingly, the court determined that the claimant was entitled to put forth lay testimony regarding the deceased miner's physical condition, although the court ultimately concluded that the testimony was insufficient to invoke the presumption. *Id.*

The Director concedes that the relevant inquiry is whether any medical evidence exists on the issue of disability, abandoning his initial position that the deceased miner's file had to be totally devoid of medical evidence. The Director argues, however, that the record in the instant case contains medical evidence on the issue of disability due to a respiratory or pulmonary impairment. We agree.

First, a 1950 medical report indicated clear lungs and the 1951 chest x-ray also revealed clear lung fields and was interpreted as normal. We find that this constitutes some medical evidence indicating the nonexistence of a lung impairment. Although pneumoconiosis was not known in the early 1950s, we believe that there would certainly have been some notation regarding the abnormality of the lung fields if the alleged lung impairment were of a disabling nature. Second, this is a case in which the sole cause of death was established to be reticulum cell sarcoma,

not an unidentified respiratory or pulmonary condition. We conclude that these two factors preclude petitioner from receiving the benefit of subsection (a)(5).

Accordingly, we AFFIRM the order of the Benefits Review Board denying petitioner's claim for black lung benefits.[2]

2. Because of our disposition of this case, we do not address the Director's assertion that petitioner failed to exhaust her administrative remedies.