956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred J.S. CLARK, Petitioner,
v.
SOUTHERN OHIO COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 91-3236.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Alfred J.S. Clark petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Clark filed a claim for black lung benefits with the Department of Labor in December of 1982. After the Department of Labor (DOL) denied Clark benefits, Clark requested a formal hearing. An adjudicatory hearing was held on September 23, 1987, and the administrative law judge (ALJ) issued a decision granting benefits on January 28, 1988. However, after the Southern Ohio Coal Company motioned for reconsideration, pursuant to 20 C.F.R. § 725.479(b), the ALJ issued an order on July 11, 1988, granting the motion for reconsideration, vacating the prior decision, and denying benefits. On appeal, the BRB affirmed the ALJ's denial of benefits, by order dated February 12, 1991.
 
 
 4
 On appeal to the BRB and to this court, Clark's arguments are that: 1) the ALJ erred in failing to admit the affidavits of co-workers, which affidavits the claimant contends support a finding of total disability; 2) the ALJ erred by rejecting a set of arterial blood gas study results conducted on April 27, 1983, and by failing to consider another set of qualifying values from a test administered on July 31, 1986; 3) the ALJ erred in considering Clark's change in coal mining duties, in 1972, which circumstance the claimant contends support the miner's claim of disability; 4) the ALJ erred in failing to find the existence of pneumoconiosis based on the x-ray evidence of record; 5) the ALJ erred in failing to find pneumoconiosis based on reasoned medical opinions of record; and 6) the ALJ erred in failing to find total disability, considering all relevant evidence of record.
 
 
 5
 This court must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court reviews the BRB's decisions only to decide whether they are supported by substantial evidence and in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985). Given this limited scope of review, this court cannot substitute its own judgment for that of the ALJ, when the ALJ has considered each part of the evidence. Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989).
 
 
 6
 A thorough review of the record reveals that the ALJ weighed all relevant evidence, both like and unlike, in determining that the claimant did not bear his burden of establishing total disability by a preponderance of this evidence. 30 U.S.C. § 923(b); Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 139 (1987); Shedlock v. Bethlehem Mines Corp., 9 BLR 1-195 (1986). Any error the ALJ committed by not considering certain qualifying blood gas study results of record was harmless, because the remaining evidence of record was overwhelmingly in support of the ALJ's determination that Clark is not totally disabled. In regard to the medical opinion evidence, it is the ALJ who must resolve inconsistencies in the testimony, particularly in cases such as this where it is questionable that certain medical opinions are supported by the clinical evidence underlying such opinions. Neace v. Director, OWCP, 867 F.2d 264, 266 (6th Cir.1989); Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988).
 
 
 7
 Secondly, the uncorroborated lay evidence, specifically the affidavits by Clark's co-workers, which the claimant argues were improperly excluded by the ALJ, could not have satisfied the claimant's burden of proof on the issue of total disability. Coleman v. Director, OWCP, 829 F.2d 3, 4-5 (6th Cir.1987) (per curiam). Therefore, any error committed by the ALJ in excluding this evidence was also harmless.
 
 
 8
 Thirdly, the evidence supports the ALJ's finding that Clark did not suffer from pneumoconiosis, based on the x-ray interpretations of record. The ALJ properly considered the qualifications of the x-ray readers at the time of the readings and the recency of the negative x-ray interpretations in finding no pneumoconiosis in this case. Saginaw Mining Co. v. Ferda, 879 F.2d 198, 205 (6th Cir.1989); Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986).
 
 
 9
 Accordingly, the BRB's decision affirming the ALJ's order denying benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation