959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.C. WINEBARGER, Petitioner,
v.
OHIO AMCO, INC.; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 91-4008.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and SILER, Circuit Judges.
 
 ORDER
 
 1
 J.C. Winebarger petitions pro se for review of the Benefits Review Board's decision affirming the denial of benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Winebarger filed his claim for benefits in June of 1984, which claim was denied by the Department of Labor. Thereafter, a hearing was held before an administrative law judge (ALJ), who denied benefits by order issued June 6, 1989. The Benefits Review Board (BRB) affirmed the ALJ's denial of benefits, by order issued October 4, 1991.
 
 
 3
 On appeal to this court, Winebarger argues that the doctors' statements of record support a finding of disability and that the ALJ's finding of seventeen and one half years in the coal mines should be afforded greater weight in determining whether he suffers from black lung disease.
 
 
 4
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 Part 718 of the regulations was correctly applied to this case, as the claim was filed after March 31, 1980. 20 C.F.R. § 718.2. The record contains very little medical evidence. However, the ALJ and the Board considered and weighed appropriately all evidence contained in the record relative to the miner's pulmonary condition and alleged disability. It is within the ALJ's discretion to make credibility determinations and resolve inconsistencies in the evidence. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam). Moreover, it is also within the ALJ's discretion to rely more heavily on medical evidence, rather than other types of evidence of record, such as lay testimony and years of coal mining employment, when such medical evidence cannot establish the claimant's burden of proving pneumoconiosis or total disability. Riley, 852 F.2d at 198; Coleman v. Director, OWCP, 829 F.2d 3, 4-5 (6th Cir.1987) (per curiam); Daughtery v. Director, OWCP, No. 87-3783, slip op. at 2 (6th Cir. April 4, 1988) (per curiam) (unpublished).
 
 
 6
 Because the evidence does not support a finding of pneumoconiosis, and given the limited scope of review by this court, the ALJ's judgement should not be overturned, as he carefully considered each relevant part of the evidence to decide that Winebarger did not suffer from pneumoconiosis and was not disabled due to this disease. Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989); Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989).
 
 
 7
 Accordingly, because the ALJ's decision is supported by substantial evidence of record, the BRB's order denying benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.