19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert BARTLEY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 93-3844.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 1
 Before: KENNEDY and MILBURN, District Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Robert Bartley, through counsel, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The Director has specifically waived oral argument, and the petitioner has waived oral argument by silence. Moreover, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bartley originally filed his claim for Black Lung benefits on August 2, 1984, which claim was denied, administratively, on November 15, 1984. Eventually, the case was referred to the Office of Administrative Law Judges for a formal hearing, which hearing took place on December 4, 1987. On May 10, 1988, the Administrative Law Judge (ALJ) issued a Decision and Order Denying Benefits. In that order, the ALJ determined that Bartley had established the existence of pneumoconiosis pursuant to the regulations found at 20 C.F.R. Sec. 718.204(a)(4), but had failed to establish that he was totally disabled due to this disease, as required to be entitled to benefits under this part of the regulations. 20 C.F.R. Sec. 718.204.
 
 
 4
 The BRB affirmed this denial of benefits and, subsequently, denied Bartley's motion for reconsideration of that order. On appeal, Bartley raises the sole issue of whether the ALJ erred in finding that he was not totally disabled under the Act. Specifically, the petitioner contends that the ALJ erred in the following respects: 1) the ALJ and the BRB did not resolve doubts in favor of the petitioner, as required by the remedial purpose and nature of the statute; 2) by proving the existence of pneumoconiosis, Bartley was entitled to the presumption provided for in 20 C.F.R. Sec. 727.203, and the Director has not rebutted that presumption; 3) the ALJ should have given more weight to the opinion given by Dr. Todd that the claimant has significant shortness of breath relating to his chronic obstructive pulmonary disease and black lung; and 4) the ALJ failed to consider the entire record, including Bartley's own testimony at the hearing that he is now incapable of heavy physical labor which was required in his former usual coal mine employment.
 
 
 5
 The court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Skukan v. Consolidation Coal Co., 993 F.2d 1228, 1231 (6th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3429 (U.S. Dec. 17, 1993 (No. 93-964). Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this part, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 821 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 7
 A thorough review of the administrative record reveals that the ALJ accurately and sufficiently summarized all of the relevant medical evidence submitted by the parties. The ALJ appropriately found that Bartley had established the existence of pneumoconiosis, and this finding is undisputed. The only challenge to the ALJ's decision is his finding that Bartley is not totally disabled, at least in part, due to pneumoconiosis.
 
 
 8
 Under Part 718 of the regulations, a miner is considered totally disabled due to pneumoconiosis if the disease prevents or prevented the miner from performing his usual coal mine work or comparable or gainful work as defined at Sec. 718.204(b)(2). Total disability may be established through the criteria set forth in Secs. 718.204(c)(1)-(5). An ALJ must weigh all evidence in all categories under Sec. 718.204(c) in order to make a disability determination. Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1041 (6th Cir.1993). The ALJ properly found that total disability could not be established under Sec. 718.204(c)(1) and Sec. 718.204(c)(2) because the two pulmonary function studies and one blood gas study of record did not reveal results qualifying under those parts of the regulation. In addition, the ALJ properly found that Sec. 718.204(c)(3) was inapplicable because there was no evidence of cor pulmonale or right-sided congestive heart failure. Lastly, Sec. 718.204(c)(5) was inapplicable because the claimant is still living.
 
 
 9
 The ALJ's finding that total disability was not established under Sec. 718.204(c)(4) is supported by substantial evidence. This is not a case of "true doubt" involving conflicting pneumoconiosis has prevented him from engaging in gainful employment requiring the abilities and skills "comparable to those of employment in the mine in which he was previously engaged with some regularity and over a substantial period of time." 30 U.S.C. Sec. 902(f)(1); Bowling v. Director, OWCP, 920 F.2d 342, 344 (6th Cir.1990). Moreover, Bartley cannot rely upon the presumption provided in Part 727, which does not apply to this claim filed after March 31, 1980. Lastly, although Bartley's lay testimony may be considered in determining whether he is totally disabled, when medical evidence exists regarding the issue of a miner's pulmonary condition, a finding of total disability cannot be made solely by reliance on such lay evidence. Coleman v. Director, OWCP, 829 F.2d 3, 4-5 (6th Cir.1987) (per curiam). See also Fife v. Director, OWCP, 888 F.2d 365, 370 (6th Cir.1989) (per curiam).
 
 
 10
 Accordingly, the petition for review is hereby denied, and the BRB's decision and order denying benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation