21 F.3d 427
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Alma DANIELS, Widow of Floyd Daniels, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 93-4275.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Alma Daniels, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying her request for survivor's benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Floyd Daniels died in May of 1979. On April 12, 1988, Ms. Daniels filed her claim for benefits, as the surviving divorced spouse of Mr. Daniels. The claim was denied on August 26, 1988. After Ms. Daniels submitted further evidence, the District Director, construing the additional evidence as a request for modification pursuant to 20 C.F.R. Sec. 725.310, again denied the claim, on March 23, 1990. The claim was referred to the Office of Administrative Law Judges for a formal hearing, which was held on October 23, 1991. Thereafter, the Administrative Law Judge (ALJ) issued a Decision and Order Denying Benefits. The ALJ first found that Ms. Daniels was not an "eligible survivor" within the meaning of the Act, because she was not "dependent" on the miner for support at the time of his death. 20 C.F.R. Secs. 725.212 and 725.217. The ALJ also found that even if Ms. Daniels were an eligible survivor, she had not shown that the miner died from pneumoconiosis or complications due to pneumoconiosis, as required to be entitled to benefits. 20 C.F.R. Sec. 718.205.
 
 
 3
 On appeal, the BRB affirmed the ALJ's determination that Ms. Daniels had not established that the miner's cause of death was related to pneumoconiosis or that the disease contributed to his death in any way. On appeal to this court, Ms. Daniels argues that there are "several things" that were not considered by the ALJ, specifically that the autopsy was incomplete and that Mr. Daniels had a hard time breathing before his death. Ms. Daniels also states that the miner was "never tested for Black Lung," that some of the employers for which Daniels worked did not report his earnings so that his income would appear on a Social Security earnings statement, and that the ALJ simply failed to take into account all of her statements made at the hearing. Ms. Daniels also requests the appointment of counsel and for leave to proceed without paying the filing fees.
 
 
 4
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 Because Ms. Daniels filed her claim after January 1, 1982, the ALJ and BRB properly analyzed her claim under 20 C.F.R. Sec. 718.1(a) and Sec. 718.205. This section requires a survivor to establish that the miner's death was due to pneumoconiosis. The regulations provide that death will be considered "due to" pneumoconiosis where: 1) competent medical evidence establishes that the miner's death was due to pneumoconiosis; 2) pneumoconiosis was a substantially contributing cause or factor leading to the miner's death, or death was caused by complications of pneumoconiosis; or 3) the presumption set forth in Sec. 718.304 is applicable.
 
 
 6
 Because no complicated pneumoconiosis was described in the record, the presumption provided under Sec. 718.304 is inapplicable to Ms. Daniels's claim. With regard to the criteria for determining whether a miner's death occurred as a result of pneumoconiosis under Sec. 718.205(c), Ms. Daniels need not prove that the miner died from pneumoconiosis "in and of itself," but must show only that pneumoconiosis was a "substantially contributing cause or factor leading to the miner's death...." 20 C.F.R. Sec. 718.205(c)(2); Adams v. Director, OWCP, 886 F.2d 818, 824 n. 7 (6th Cir.1989). This court has recently interpreted this regulatory language to encompass situations where pneumoconiosis, even if not a proximate cause of death, actually hastens a miner's death. Brown v. Rock Creek Mining Co., 996 F.2d 812, 816 (6th Cir.1993).
 
 
 7
 In support of her claim, Ms. Daniels submitted medical evidence consisting of a hospital summary report by the miner's treating physician, Dr. Ronald J. Smith, and an autopsy report prepared by Dr. D.W. Peterson. The autopsy report shows that the principal cause of death was edema of the lungs, with the additional diagnosis of: 1) cardiomegaly; 2) Duodeno peritoneal cavity fistula with Candida species demonstrated in fistula tract; 3) advanced micronodular cirrhosis of liver; 4) status post repair of perforated duodenal ulcer and gastrojejunostomy; and 5) mild chronic pancreatitis, inactive. The hospital summary is consistent with the findings in the autopsy report, with no mention of respiratory difficulty aside from edema of the lungs. There is no other evidence in the record to establish that the miner's death was caused by or related in any way to pneumoconiosis. Thus, the findings by the ALJ are supported by substantial evidence and, on this basis, the ALJ properly denied benefits.
 
 
 8
 Ms. Daniels and her daughter testified that they were later informed by a doctor at the Veterans Administration Hospital where the miner died that the autopsy report was not accurate. However, this fact is not supported by any medical opinion or documentation of record. Such lay testimony, alone, cannot support entitlement to benefits unless no other relevant medical evidence exists. Coleman v. Director, OWCP, 829 F.2d 3, 5 (6th Cir.1987) (per curiam). Other medical evidence does exist in this case in the form of the autopsy report. Lastly, Ms. Daniels's request for leave to proceed without the payment of filing fees has been rendered moot by this court's waiver of the fees.
 
 
 9
 Accordingly, the claimant's request for the appointment of counsel is denied, her petition for review is denied, and the BRB's decision affirming the denial of benefits is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.