66 F.3d 327
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest WHITE, Petitioner,
v.
EASTOVER MINING COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-3467.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 Before: CONTIE, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Ernest White, pro se, petitions for review of the Benefits Review Board's decision which affirmed an Administrative Law Judge's (ALJ) order denying White benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 White filed four applications for Black Lung benefits. The first application was filed with the Social Security Administration in May of 1972. White then filed a second application, on January 30, 1990, and two more requests for modification of the denial of benefits, on June 25, 1991, and on February 7, 1992. White's final claim was denied on March 25, 1992, and was eventually referred to an ALJ for consideration. After a hearing was held on this matter, the ALJ issued a Decision and Order denying benefits.
 
 
 3
 In his Decision and Order, the ALJ applied Part 718 of the regulations to White's claim. Comparing earlier x-ray evidence and physicians' reports with the most recent x-ray readings and medical opinions, the ALJ concluded that White had "failed to prove a change or a material change in conditions" to be entitled to benefits. On appeal, the Board determined that the ALJ's Decision and Order was supported by substantial evidence. The Board also rejected the claimant's contention that the ALJ should have applied the "true doubt" rule, because the Supreme Court had, in the interim, overturned this rule of law. See Director, OWCP v. Greenwich Collieries, 114 S.Ct. 2251 (1994).
 
 
 4
 In his petition, White argues that, contrary to the ALJ's conclusion, he is totally disabled and has been disabled since 1979. White states that his physicians have instructed him to avoid further exposure to coal dust or to any toxic fumes. White also argues that the court did not take into consideration his 25 years as a coal miner.
 
 
 5
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 Because White's second claim was filed over one year after the administrative denial of his first claim, the ALJ properly construed White's subsequent applications for benefits as "duplicate" claims under the regulations. See 20 C.F.R. Secs. 725.309 and 725.310. Moreover, because the duplicate claims were filed after March 31, 1980, the ALJ and Board properly analyzed them under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 7
 Because the ALJ made a proper qualitative evaluation of the x-ray readings, considering the qualifications of the readers, as well as a quantitative evaluation, this court may not disturb the ALJ's findings on appeal. See Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-49 (1987); Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993). Moreover, the Board properly found that it would have been error for the ALJ to apply the true doubt rule, as this rule has been subsequently rejected by the Supreme Court. See Greenwich Collieries, 114 S.Ct. at 2259.
 
 
 8
 The ALJ properly assigned greater probative weight to Dr. Dahhan's reports, based on Dr. Dahhan's superior qualifications. Dr. Vaezy's qualifications are not provided in the record. Because this court's standard of review of an ALJ's decision is whether it is supported by substantial evidence, this court will defer to the ALJ's determinations of credibility surrounding these particular reports and resolutions of inconsistencies in the doctors' statements. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam); Welch v. Benefits Review Bd., 808 F.2d 443 (6th Cir.1986) (per curiam).
 
 
 9
 White states that the physicians who examined him in the 1970's recommended that he avoid further exposure to coal dust and any toxic fumes, after they found he was suffering from a respiratory condition. However, it is well-established that a medical opinion cautioning against further dust exposure, does not, in itself, constitute substantial evidence that a claimant is totally disabled from his past coal mine employment. Zimmerman v. Director, OWCP, 871 F.2d 564, 567 (6th Cir.1989); Neace v. Director, OWCP, 867 F.2d 264, 268 (6th Cir.1989). Likewise, when medical evidence exists regarding the issue of a miner's pulmonary condition, a finding of pneumoconiosis or total disability cannot be made solely by relying on lay testimony or statements. Coleman v. Director, OWCP, 829 F.2d 3, 4-5 (6th Cir.1987) (per curiam). The ALJ properly weighed all the medical evidence of record, including the earlier evidence submitted with White's initial claim, as well as all evidence submitted with White's subsequent, duplicate claims, and, his Decision and Order is supported by substantial evidence.
 
 
 10
 Accordingly, the petition for review of this claim is denied. Rule 9(b)(3), Rules of the Sixth Circuit.