82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy ELDRIDGE, Widow of Hubert Eldridge, Deceased, Petitioner,
v.
DAN-DEL COAL COMPANY, INC.; Kentucky Coal Producers
Self-Insurance Fund; Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 95-4066
 United States Court of Appeals, Sixth Circuit.
 April 11, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Dorothy Eldridge, through counsel, petitions for review of the Benefits Review Board's decision denying her benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-45. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Eldridge filed this claim on December 11, 1991, as a survivor of a miner, Hubert Eldridge, who was employed by the Dan-Del Coal Company prior to his death. The Department of Labor administratively denied her claim and the claim was eventually referred to an administrative law judge (ALJ) for a hearing. The ALJ then issued a decision denying benefits. On appeal, Eldridge argues that the ALJ erred when he determined that Eldridge had not met her burden, under 20 C.F.R. § 718.202(a)(4), of proving that her husband had suffered from pneumoconiosis. The claimant also argues that the miner's respiratory impairment was a factor contributing to his death.
 
 
 4
 This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 As a survivor who filed her claim after January 1, 1982, Eldridge was required to establish that the miner's death was due to pneumoconiosis. 20 C.F.R. § 718.1(a). Substantial evidence supports the ALJ's findings that: 1) Mr. Eldridge did not suffer from pneumoconiosis during his life; and 2) therefore, the disease could not have contributed to the miner's death.
 
 
 6
 There was no x-ray evidence of record to establish the existence of pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(1). Under § 718.202(a)(2), pneumoconiosis may be established by autopsy evidence and an ALJ may assign greater weight to autopsy evidence over other types of evidence in determining the existence of pneumoconiosis. Griffith v. Director, OWCP, 49 F.3d 184, 187 (6th Cir.1995). The final diagnosis in the autopsy report was single vessel coronary atherosclerosis and acute pulmonary edema, without mention of pneumoconiosis or other abnormality associated with this disease. The two prosectors who performed the autopsy agreed that Eldridge's death was due to ischemic heart disease. Thus, substantial evidence supports the ALJ's conclusion that the autopsy report did not establish that the miner suffered from pneumoconiosis.
 
 
 7
 Substantial evidence also supports the ALJ's conclusion that the death certificate and other well-reasoned medical opinions of record did not establish that the miner suffered from pneumoconiosis or that his death was due to pneumoconiosis. The death certificate listed the cause of death as "single vessel grade IV coronary atherosclerosis." The claimant argues that Dr. Dahhan's opinion established statutory pneumoconiosis. Nevertheless, the ALJ could properly assign greater probative weight to the autopsy report, the death certificate, and letters from Dr. Broudy (a pulmonary specialist) and Dr. Nichols (one of the prosectors), to conclude that the miner did not suffer from the disease. Worrell, 27 F.3d at 231.
 
 
 8
 The claimant also argues that the ALJ did not fairly consider the widow's testimony that the miner suffered from shortness of breath and pulmonary discomfort prior to his death. However, the ALJ did not err by refusing to assign great weight to the widow's testimony, because there was sufficient medical evidence, without the lay opinion, to make a determination of whether the miner died due to pneumoconiosis. See Coleman v. Director, OWCP, 829 F.2d 3, 5 (6th Cir.1987) (per curiam).
 
 
 9
 This court may not substitute its own judgment for that of the ALJ when the ALJ has carefully considered each part of the evidence. Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989). Thus, this court must defer to the ALJ's conclusion that the claimant is not eligible for benefits because she has not established that pneumoconiosis was a "substantially contributing cause" of the miner's death. § 718.205(c)(4); Griffith, 49 F.3d at 186; Brown v. Rock Creek Mining Co., 996 F.2d 812, 816 (6th Cir.1993).
 
 
 10
 Accordingly, the widow's petition for review is denied.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation