68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin ROOP, Petitioner,
v.
C & A TRUCKING; Kentucky Coal Producers Self-Insurance
Fund; Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 95-3544.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 Before: KEITH, JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Melvin Roop, pro se, petitions for review of the Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The claimant filed his original application for benefits on April 13, 1984. That claim was denied in 1985. Roop filed a duplicate application for benefits in February of 1990. A formal hearing was held on this matter in 1993, and, thereafter, an Administrative Law Judge (ALJ) issued a Decision and Order denying benefits. The ALJ considered this 1993 claim as a duplicate claim under the regulation set forth at 20 C.F.R. Sec. 725.309. Accordingly, the ALJ analyzed the new evidence presented with the duplicate claim, but determined that, under Part 718 of the regulations, Roop had failed to show a "material change in conditions" to be entitled to benefits. See 20 C.F.R. Sec. 725.309(d). The Board affirmed this decision as supported by substantial evidence.
 
 
 3
 On appeal to this court, Roop argues that the ALJ and the Board did not consider all of the medical records in concluding that Roop did not suffer from Black Lung disease. He also contends that "many of the statements" made by the physicians who were hired by the agency to examine him were "incorrect and/or inconclusive." This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court reviews the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 4
 Because Roop's second claim was filed over one year after the administrative denial of his first claim, the ALJ properly construed this second application for benefits as a "duplicate" claim under the regulations. The duplicate claim was appropriately processed in accordance with the traditional three-tier system to determine whether there had been a material change of condition in the miner's health. See Sharondale v. Ross, 42 F.3d 993, 997-98 (6th Cir.1994); Lukman v. Director, OWCP, 896 F.2d 1248, 1254 (10th Cir.1990). Moreover, because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed it under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 5
 This court concludes that the ALJ followed this court's directive to make a quantitative evaluation of the x-ray readings, considering the qualifications of those readers, as well as a qualitative evaluation, under the standard set forth in Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993). Thus, the ALJ properly concluded that Roop failed to show the existence of pneumoconiosis by the x-ray evidence submitted with his duplicate claim, under Sec. 718.202(a)(1). The ALJ also appropriately concluded that the existence of the disease could not be established under the presumptions set forth in Sec. 718.202(a)(2) or Sec. 718.202(a)(3), because no complicated pneumoconiosis was found. Moreover, the presumptions under Sec. 718.305 and Sec. 718.306 were not applicable, because all of Roop's claims were filed after June 30, 1982.
 
 
 6
 The ALJ also considered all the medical reports of record and properly weighed this evidence to conclude that it did not establish the existence of pneumoconiosis under Sec. 718.202(a)(4), or total disability under Sec. 718.204, so that Roop could be entitled to benefits. Of the six physicians who rendered opinions, only the report by Dr. Hays found "focal evidence of pneumoconiosis." The ALJ discredited this report, "because Dr. Hays indicated Roop had worked in the coal mining industry for a greater number of years than the ALJ had actually found, and this physician did not indicate whether he was aware of Roop's significant smoking history. Further, the ALJ noted that the remaining physicians' opinions, many prepared by board-certified specialists in internal medicine and pulmonary disease, were based on thorough physical examinations, pulmonary function studies, blood gas studies, and x-rays, which objective data did not support Dr. Hays's conclusion.
 
 
 7
 This court should defer to an ALJ's determinations of credibility and resolution of inconsistencies in testimony, including the weight to be accorded physicians' decisions, where the ALJ's determinations are supported by substantial evidence. Consolidation Coal Co. v. Worrell, 27 F.3d 227, 231 (6th Cir.1994). Further, this court must not disturb an ALJ's decision when the ALJ has thoroughly considered all medical evidence and weighed the medical evidence pursuant to the regulations. Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989); Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam). Thus, the court will not disturb the ALJ's findings surrounding his evaluation of the physicians' opinions submitted with Roop's 1990 duplicate claim.
 
 
 8
 Roop argues that the ALJ failed to consider Dr. Penman's report and deposition indicating that Roop suffers from pneumoconiosis. Contrary to Roop's argument, this evidence was presented to the Director with Roop's initial claim for benefits, filed in 1984. Although the ALJ did not specifically refer to Dr. Penman's report in considering Roop's duplicate claim, the ALJ did not err. The ALJ was required only to consider the "new evidence, favorable and unfavorable, and determine whether the miner has proven at least one of the elements of entitlement previously adjudicated against him." Sharondale, 42 F.3d at 997. Because the ALJ found no pneumoconiosis and found that none of the evidence established that Roop had been disabled by Black Lung disease, the ALJ found that no one element of entitlement had been established, based on subsequent evidence submitted with the duplicate claim, that had been previously adjudicated against Roop in his prior claim. Accordingly, the ALJ was not required to weigh or compare the previous report by Dr. Penman, submitted with Roop's initial claim, with the new evidence submitted with Roop's 1990 duplicate claim. Therefore, there is no merit to Roop's argument that the ALJ and Board failed to consider this particular evidence to resolve his current claim.
 
 
 9
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.